UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEANNINE TATER,<br><br>                Plaintiff,<br>v.<br><br>OANDA CORPORATION, et al.,<br><br>                Defendants. | CASE NO. C19-0158JLR<br><br>ORDER EXTENDING DEADLINES |

Before the court is *pro se* Plaintiff Jeannine Tater's response to the court's April 3, 2019, order to show cause, which the court liberally construes as a motion for an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1). (Mot. (Dkt. # 22); 4/19/19 Order (Dkt. # 23) at 3; *see also* 4/3/19 Order (Dkt. # 17).) Defendants Oanda Corporation and Oanda (Canada) Corporation ULC (collectively "Oanda") filed a response. (Resp. (Dkt. # 24).) The court has considered the motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable

//

law.  Being fully advised, the court GRANTS in part and DENIES in part Ms. Tater's motion as described below.

The court issued its April 3, 2019, show cause order because the parties failed to file a joint status report on March 27, 2019, as required by the court's February 20, 2019, scheduling order.  (*See* 4/19/19 Order at 1 (citing 4/3/19 Order at 1 and 2/20/19 Order (Dkt. # 14) at 1).)  In response to the show cause order, Ms. Tater represented that she asked Oanda to agree to a three-month extension for all case deadlines—both the court's deadlines outlined in its February 20, 2019, order, as well as the deadlines for responding to Oanda's pending motion to dismiss.  (*See* Mot. at 1; *see also* MTD (Dkt. # 10).)  Oanda provided Ms. Tater with a stipulated motion to extend the deadlines provided in the February 20, 2019, order by almost three months.  (*See* Collins Decl. (Dkt. # 20), ¶ 2, Ex. A ("Prop. Stip. Mot.") at 7.)  Further, Oanda agreed to extend the motion to dismiss response date by seven weeks.  (*See* Notice (Dkt. # 16) at 2.)

In her motion, Ms. Tater asserts that she needs an extension of all deadlines until "after the July 4th holidays" due to medical complications related to a recent surgery.  (Mot. at 2-3.)  In response, Oanda explains that it "do[es] not object" to Ms. Tater's request for an extension of time.  (Resp. at 3.)  Oanda suggests, however, that "June 7, 2019, is a more reasonable date to continue the Motion to Dismiss" and that the deadlines provided in the February 20, 2019, order "should be continued until after the Court's decision on the Motion to Dismiss."  (*Id.*)

Under Federal Rule of Civil Procedure 6(b)(1), when an act must be done within a specified time, the court may extend the time for good cause if the request for an

extension is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A). If the motion is made after the deadline has expired, the moving party must show that he or she "failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B).

Ms. Tater's response to the motion to dismiss was due on April 29, 2019. (*See* Notice at 2 (re-noting Oanda's motion to dismiss to May 3, 2019)); *see also* Local Rules W.D. Wash. LCR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date.") Because Ms. Tater requested an extension of time prior to the April 29, 2019, deadline, the court considers this request under Rule 6(b)(1)(A)'s "good cause" standard. *See* Fed. R. Civ. P. 6(b)(1)(A).

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Moreover, Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Id.* at 1258-59 (citations omitted). As a result, requests for extensions of time that are determined under the good cause standard should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259 (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

Here, the court finds that Ms. Tater has demonstrated good cause for an extension of time to file her motion to dismiss response. Ms. Tater represents that she had "major surgery on March 6, 2019." (Mot. at 1.) Ms. Tater experienced complications from this surgery, necessitating a 10-day antibiotics regimen. (*Id.* at 2.) Moreover, Ms. Tater has

had numerous follow-up appointments with her surgeon to address, among other things, "abnormalities diagnosed" by other doctors. (*Id.*) The court does not find that Ms. Tater has acted in "bad faith" in requesting the extension. *See Ahanchian*, 624 F.3d at 1259.

The court, however, concludes that Ms. Tater has not shown good cause to re-note the motion to dismiss until after July 4, 2019. The motion was originally filed on February 8, 2019 (*see* MTD), which means that Ms. Tater's response was due on March 4, 2019, *see* Local Rules W.D. Wash. LCR 7(d)(3). To accommodate Ms. Tater, Oanda voluntarily re-noted its motion to May 3, 2019 (*see* Notice at 2), which means that Ms. Tater's response was due on April 29, 2019, *see* Local Rules W.D. Wash. LCR 7(d)(3). Ms. Tater has therefore already received a substantial extension of time to file her motion to dismiss response. Considering these facts, the court finds good cause to EXTEND Ms. Tater's motion to dismiss response deadline until June 10, 2019. Likewise, the court DIRECTS the Clerk to re-note Oanda's motion to dismiss to June 14, 2019.

Conversely, the court analyzes Ms. Tater's request to alter the deadlines from the court's February 20, 2019, order under the Rule 6(b)(1)(B) "excusable neglect" standard because those deadlines expired before her request. (*See* 2/20/19 Order at 1; Mot. at 3); Fed. R. Civ. P. 6(b)(1)(B). To show excusable neglect, a party must show "good faith" and a "reasonable basis" for not complying with a deadline. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (citing *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974)).

//

//

Ms. Tater represents that she called the court in early March 2019 to discuss these deadlines. (Mot. at 1.) Ms. Tater then spoke with Oanda's counsel about altering the deadlines. (*Id.* at 2.) From the conversation with Oanda's counsel, Ms. Tater was left with the impression that she could "ignore" the deadlines from the February 20, 2019, order because there was a pending motion to dismiss and that "the pre-trial schedule is only a guide for attorneys and did not need court approval to change." (*Id.*) It appears that, on these mistaken beliefs, Ms. Tater did not sign Oanda's proposed stipulated motion to alter the deadlines. (*See id.*; *see also* Prop. Stip. Mot.)

Considering Ms. Tater's *pro se* status, the court concludes that she acted in good faith and with a reasonable basis for not complying with the deadlines from the February 20, 2019, order. *Silber*, 18 F.3d at 1455. Ms. Tater took steps to comply with the court's deadlines, or at least alter the deadlines before they expired, when she reached out to the court and opposing counsel. (*See* Mot. at 1-2.) From her conversation with opposing counsel, Ms. Tater believed that she did not need to submit materials to the court to alter the deadlines. (*See id.* at 2.) Ms. Tater was incorrect, but she exhibited excusable neglect in failing to comply with the deadlines from the court's February 20, 2019, order.

Accordingly, the court EXTENDS the scheduling deadlines as follows: (1) the deadline for the Federal Rule of Civil Procedure 26(f) conference is now June 10, 2019; (2) the deadline for the Federal Rule of Civil Procedure 26(a)(1) initial disclosures is now June 24, 2019; (3) the deadline for filing a combined joint status report and discovery plan is now July 1, 2019. The court advises the parties that these dates are deadlines— the parties may complete these obligations at any time before these respective deadlines

pass. The court also advises the parties that the court will not schedule a trial date until it receives the parties' joint status report and discovery plan. The court is currently scheduling trials in late 2020.

For the foregoing reasons, the court GRANTS in part and DENIES in part Ms. Tater's motion for an extension of time.

In addition, the court advises Ms. Tater that her *pro se* status does not relieve her from following the same rules that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012). Ms. Tater can locate on the Western District of Washington's website materials that assist *pro se* litigants. *See Representing Yourself ("Pro Se")*, W. DIST. OF WASH., https://www.wawd.uscourts.gov/representing-yourself-pro-se.

Dated this 3rd day of May, 2019.

JAMES L. ROBART
United States District Judge